IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:12-cv-01092-STA-egb |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Sandra Higgins filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for Supplemental Security Income ("SSI"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 6, 2011. On July 27, 2011, the ALJ denied the claim. The Appeals Council subsequently denied the request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

1

cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7]

Plaintiff was born on September 18, 1966, and she completed the sixth grade. Plaintiff had past relevant work experience as a maid, packager, assembler, and hotel clerk. She alleges disability due to seizures, osteoarthritis, COPD, hypertension, depression, fibromyalgia, and

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

restless leg syndrome with an alleged onset date of March 29, 2000. Plaintiff smokes up to one-and-a-half packs of cigarettes per day and admits to a history of drug use.

The ALJ made the following findings: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (2) Plaintiff has the following severe impairments: status/post cervical and/or endometrial cancer, COPD, epilepsy, fibrocystic disease, degenerative joint disease, hypertension, fibromyalgia, osteoarthritis, GERD, non-specific colitis, lumbar disc disease, mild degenerative disc disease of the lumbar spine, and a depressive disorder; but she does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (3) Plaintiff retains the residual functional capacity to perform sedentary work with no exposure to concentrated fumes, gases, dust, odors, chemicals, poorly ventilated areas or hazards; (4) Plaintiff is able to perform her past relevant work as a hotel clerk; (5) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[8] The claimant bears the ultimate burden of establishing an entitlement to benefits.[9] The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[10]

---

[8] 42 U.S.C. § 423(d)(1).

[9] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[10] *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[11]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[12] Here, the sequential analysis proceeded to the fourth step with a finding that Plaintiff can perform her past relevant work. The Court finds that substantial evidence supports this determination.

Plaintiff argues that the ALJ's finding that she retains the residual functional capacity to perform her past relevant work as a hotel clerk as she performed it is not supported by substantial evidence because the ALJ did not consider all of her impairments as required by 20 C.F.R. § 416.945 and SSR 96-8p. According to Plaintiff, the ALJ failed to evaluate the impact that each impairment had individually and in combination on her ability to perform her past relevant work

---

[11] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[12] 20 C.F.R. § 404.1520(a).

and that, absent such analysis, meaningful judicial review of the ALJ's finding is not possible. Plaintiff's arguments are not persuasive.

As noted above, the initial burden of going forward is on Plaintiff to show that she is disabled from engaging in her former employment; once she makes that showing, the burden of going forward shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[13] Accordingly, it is Plaintiff's burden to prove that she has disabling limitations, not the ALJ's. The mere fact that Plaintiff has a diagnosis or diagnoses does not mean that she has disabling limitations because a diagnosis, in and of itself, "says nothing about the severity of the condition."[14] Instead, the ALJ must consider the actual work-related impact of those diagnoses.

Here, in arriving at the residual functional capacity finding, the ALJ relied on the assessment of Dr. Donita Keown, an examining physician, who concluded that, in light of the physical findings, there was no evidence to suggest that Plaintiff required a restricted work environment.[15] The ALJ did not accord significant weight to the opinion of Dr. Tanveer Aslam, Plaintiff's treating physician, that Plaintiff could sit for no more than four hours in an eight-hour day, and could tolerate exposure to some environmental irritants, but not others, including noise, because it was not supported by the medical evidence of record.[16]

---

[13] *Born*, 923 F.2d at 1173.

[14] *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (stating that a diagnosable impairment is not necessarily disabling) (citation omitted)).

[15] R. 15 ("Clearly, Dr. Keown detected nothing in her thorough examination of the claimant that would totally preclude her participation in substantial gainful activity.")

[16] R. 20, 699-702.

The ALJ noted that Dr. Aslam failed to indicate to what extent Plaintiff would be able to tolerate certain environmental conditions, such as exposure to dust, but would have problems with others, such as fumes. With respect to Dr. Aslam's attributing the limitations to Plaintiff's COPD, he did not support this opinion with reference to spirometry or other tests, and Plaintiff admittedly continued to smoke, thus undermining her subjective allegations of disabling lung disease. As to Dr. Aslam's opinion that Plaintiff was limited based on her seizure disorder, the record shows only occasionally reported seizures, and her seizure disorder was otherwise consistently noted to be controlled.[17] Additionally, Dr. Aslam's conclusory opinion that Plaintiff could not perform any meaningful job activity, without more, was not entitled to any weight.[18]

The ALJ also considered the assessment of Dr. John Woods, another examining physician, but did not accord significant weight to his opinion. The ALJ noted that his opinion appeared to be based solely on Plaintiff's subjective complaints and was inconsistent with the objective evidence of record. Dr. Woods's only positive objective finding involved minimal limitation in flexion of Plaintiff's cervical spine.[19] Additionally, earlier nerve conduction studies were interpreted as normal and x-rays of Plaintiff's lumbar spine were unremarkable with normal alignment and no significant disc degeneration.[20] Moreover, an MRI of Plaintiff's lumbar spine was interpreted as remarkable for only mild degenerative facet hypertrophy, which produced

---

[17] R. 324-325, 973.

[18] *See* C.F.R. § 416.927 (e) (explaining that opinions on some issues, such as whether the claimant is disabled, are not medical opinions, "but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."); *see also Warner v. Commissioner of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.")

[19] R. 627.

[20] R. 683, 1015.

very mild bilateral neural foraminal narrowing.[21] Thus, Dr. Woods's opinion, like Dr. Aslam's, was inconsistent with the medical evidence.[22]

The regulations require that, if the opinion of the claimant's treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,'" it must be given "controlling weight."[23] "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion."[24] Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."[25]

If the treating physician's opinion is not given controlling weight, the ALJ is required to provide "good reasons" for discounting it and that rationale must be supported by the evidence in the record and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that

---

[21] R. 633, 682, 1014, 1076.

[22] R. 18.

[23] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 04.1527(d)(2).

[24] *Wilson*, 378 F.3d at 544 (quoted with approval in *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007)).

[25] *Rogers*, 486 F.3d at 242.

weight."[26] Based on the evidence discussed above, the Court finds that the ALJ provided good reasons for rejecting the assessments of Dr. Aslam and Dr. Woods.[27]

In looking at mental impairments, the ALJ considered the assessment of Dr. William Sewell, an examining psychologist. Dr. Sewell found that Plaintiff's memory was intact, she was able to exhibit reasonable judgment and was functioning in the low average range of intelligence, she exhibited no indications of anxiety or signs of depression, she had sufficient intelligence to complete several-step non-skilled duties, and she was capable of behaving in an emotionally stable manner.[28] The ALJ's reliance on Dr. Sewell's opinion is supported by the opinion of Dr. Edwards, who completed a psychiatric review technique form and found no evidence of a mental impairment and concluded that Plaintiff's depressive and anxiety disorders had responded well to treatment.[29]

The ALJ also considered Plaintiff's testimony and concluded that Plaintiff's statements concerning her impairments and their impact on her ability to work were not totally credible. The ALJ noted that Plaintiff's subjective limitations were not well supported by the medical records or by her daily activities, which included performing household chores, sewing, reading, visiting with neighbors and her boyfriend, going outside, grocery shopping, walking around the yard every day, and stretching her back. Additionally, the record repeatedly demonstrates continued

---

[26] *See* SSR 96-2p. *See also Gayheart v. Commissioner of Social Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (pointing out that this procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

[27] *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006) (noting that it was sufficient for the ALJ to find doctor's opinion was "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record").

[28] R. 618-619.

[29] R. 659, 661-662 674.

smoking against medical advice, despite allegations of disabling lung disease. Therefore, the ALJ concluded that Plaintiff's subjective allegations were not credible to the extent alleged.

A claimant's credibility comes into question when her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence."[30] "To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."[31] This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."[32] Here, the Court finds no error in the ALJ's credibility determination because Plaintiff did not provide objective medical evidence to establish the intensity and persistence of her alleged symptoms, and the record as a whole does not indicate that her condition was of disabling severity.[33]

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work.[34] Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity.[35] If the past job did not require the

---

[30] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

[31] *Id.*

[32] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

[33] *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c).

[34] 20 C.F.R. §§ 404.1520(e), 404.1560(b).

[35] 20 C.F.R. § 404.1565(a).

9

claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled.[36] A claimant must prove that she is unable to return to her past relevant work either as she performed that work or as that work is generally performed in the national economy.[37] Plaintiff has failed to carry her burden of proof.

The ALJ found that Plaintiff could perform her past relevant work and, therefore, was not disabled. She worked long enough to learn the essential functions of the job, and she performed the work at the substantial gainful activity level. In comparing Plaintiff's residual functional capacity with the physical and mental demands of such work and based on the testimony of a vocational expert that, given Plaintiff's residual functional capacity and work history, Plaintiff could perform work as a hotel clerk, the ALJ could properly find that Plaintiff could perform her past relevant work.[38] Accordingly, substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Because substantial evidence supports the ALJ's determination that Plaintiff was not disabled, the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 26, 2017.

---

[36] 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561.

[37] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

[38] R. 45.